**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4496-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JORDAN E. TURNER,

     Defendant-Appellant.

_____

Submitted November 9, 2020 – Decided December 11, 2020

Before Judges Messano and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 12-01-0100.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant Jordan Turner pled guilty to first-degree murder, N.J.S.A. 2C:11-3(a). After finding certain aggravating sentencing factors and no mitigating factors, and in accordance with the plea agreement, the judge sentenced defendant to a forty-five-year term of imprisonment subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, and the Graves Act, N.J.S.A. 2C:43-6(c). We considered defendant's appeal on the Excessive Sentence Oral Argument calendar and affirmed.

Defendant filed a timely pro se post-conviction relief (PCR) petition. In the petition, defendant failed to allege any claims of ineffective assistance of counsel (IAC). Defendant only asserted that he was "recently diagnosed with an autoimmune disease (celiac disease) that . . . induces serious changes in brain chemistry that . . . make you inclined to aggressive, depressive behavior." Defendant claimed that the prison system could not provide an appropriate diet for his condition. The record contains no other supplemental PCR certification.[1]

Appointed PCR counsel filed an initial and supplemental brief arguing, among other points, that plea counsel and appellate counsel provided ineffective

---

[1] Defendant's petition was clearly inadequate. Pursuant to Rule 3:22-8, a PCR petition must "set forth with specificity the facts upon which the claim for relief is based, [and] the legal grounds of the complaint asserted[.]" As the PCR judge subsequently noted, defendant's medical condition, which admittedly was not diagnosed until after sentencing, was not a cognizable claim for PCR.

assistance. PCR counsel supplied defendant's pre-sentence report (PSR), which included a 2012 competency evaluation report by Dr. Raymond Terranova, a psychologist, and other medical records, which included references to defendant's mental health history and treatment predating the murder. Additional records confirmed the diagnosis of celiac disease.

During oral argument before Judge Robert M. Vinci, who was not the plea or sentencing judge, PCR counsel contended that although plea counsel brought defendant's mental health history to the sentencing judge's attention, he failed to obtain all the medical reports, present them at sentencing, and argue additional mitigating sentencing factors applied. See N.J.S.A. 2C:44-1(b). PCR counsel also argued appellate counsel failed to challenge the plea judge's alleged inconsistent statement at sentencing, i.e., she found defendant's guilty plea spared the victim's family the stress of trial but failed to apply that as a non-statutory mitigating factor. According to defendant, appellate counsel was also deficient because he only challenged the judge's failure to find mitigating factor four. See N.J.S.A. 2C:44-1(b)(4) ("There were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense[.]").

3

Judge Vinci noted there was "no indication anywhere in . . . the [PSR] or anywhere else that . . . mental illness played any role in the commission of this offense." He acknowledged Dr. Terranova's competency report and references in the PSR to defendant's mental health history and observed that plea counsel specifically urged the court to find mitigating factor four. The judge further noted that appellate counsel argued the plea judge erred by failing to find mitigating factor four based on defendant's mental health history.

Judge Vinci appropriately referenced the two-prong test for IAC claims formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). First, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Id. at 52 (quoting Strickland, 466 U.S. at 687). Second, a defendant must show by a "reasonable probability" that the deficient performance affected the outcome. Id. at 58. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Pierre, 223 N.J. 560, 583 (2015) (quoting Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52).

Judge Vinci concluded defendant's IAC claim regarding plea counsel failed to satisfy both prongs. He noted that plea counsel argued the sentencing

judge should impose the minimum thirty-year term for murder, urging the court to find mitigating factor four "based on precisely the same reasons and supporting documentation on which defendant relies in connection with the . . . [PCR]" petition. The judge rejected defendant's argument that plea counsel was ineffective for failing to raise other mitigating factors, concluding "[n]one of these mitigating factors were supportable based on the facts of this case." Moreover, Judge Vinci determined that even if the plea judge found all the mitigating factors now urged by PCR counsel, "there's no reason to believe that the court would have found that the mitigating factors outweighed the aggravating factors under the facts of this case, . . . indicating . . . the sentence imposed likely would not have been less than" the forty-five year term of imprisonment actually imposed. Citing State v. Echols, 199 N.J. 344, 361 (2009), the judge stated, "Trial counsel cannot be deemed ineffective for failing to raise a losing argument."

Judge Vinci cited our decision in State v. Morrison, correctly noting the same two-prong standard applied to IAC claims regarding appellate counsel. 215 N.J. Super. 540, 546 (App. Div. 1987). The judge concluded that having found trial counsel was not ineffective for failing to obtain the medical records and arguing additional mitigating sentencing factors applied, it followed that

appellate counsel was not ineffective for the same reasons. As to any alleged non-statutory mitigating factor, Judge Vinci found the plea judge said she would consider it in imposing sentence, "and there's no reason to believe she did not."

Lastly, Judge Vinci stated that defendant failed to demonstrate a prima facie case for relief on his IAC claims, and therefore, an evidentiary hearing was not warranted. See R. 3:22-10(b) (noting defendant is "entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief," the judge's "determination . . . that there are material issues of disputed fact that cannot be resolved . . . [on] the existing record," and "an evidentiary hearing is necessary to resolve the claims"). Judge Vinci entered an order denying the petition.

Before us, defendant contends he was entitled to an evidentiary hearing on his claims that plea counsel and appellate counsel rendered ineffective assistance by failing to make adequate arguments at sentencing and on appeal. Defendant also contends Judge Vinci erroneously found his IAC claims were procedurally barred. We affirm, for the reasons expressed by Judge Vinci in his comprehensive oral opinion.

We further note that the judge did not bar defendant's IAC claims on procedural grounds. Rather, Judge Vinci noted that certain arguments made by

PCR counsel challenged the actual sentence imposed as excessive because of alleged failures by the judge to find certain mitigating sentencing factors. Judge Vinci noted defendant did not allege the sentence was illegal, and it was not, and the argument was procedurally barred by Rule 3:22-4(a)(1) (barring claims that could have been raised in prior proceedings), and Rule 3:22-5 (barring claims previously adjudicated on the merits). We agree.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4496-18T3